EXHIBIT A

| STATE OF NORTH CAROLINA | File No.<br>10-CVS-23576 |
|---|---|
| Mecklenburg County | In The General Court of Justice<br>☐ District ☒ Superior Court Division |

| Name of Plaintiff |
|---|
| Rashid A. Buttar |
| Address |
| c/o H. Edward Knox, P.O. Box 30848 |
| City, State, Zip |
| Charlotte, NC 28230 |

**VERSUS**

| Name of Defendant(s) |
|---|
| Mark Allen November |

## CIVIL SUMMONS

☐ Alias and Pluries Summons

G.S. 1A-1, Rules 3, 4

Date Original Summons Issued

Date(s) Subsequent Summon(es) Issued

### To Each of The Defendant(s) Named Below:

| Name And Address of Defendant 1 | Name And Address of Defendant 2 |
|---|---|
| Mark Allen November<br>1478 Hidden Ranch Drive<br>Simi Valley, CA 93063 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address of Plaintiff's Attorney (If None, Address of Plaintiff) | Date Issued | Time |
|---|---|---|
| H. Edward Knox<br>Knox, Brotherton, Knox & Godfrey<br>P.O. Box 30848<br>Charlotte, NC 28230 | 11-17-10<br>Signature | 3:05 ☐ AM ☐ PM |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

| ☐ ENDORSEMENT | Date of Endorsement | Time |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | ☐ AM ☐ PM |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

**NOTE TO PARTIES:** Many Counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts                    (Over)

STATE OF NORTH CAROLINA  IN THE GENERAL COURT OF JUSTICE
                                SUPERIOR COURT DIVISION
COUNTY OF MECKLENBURG         10-CVS- 23376

RASHID A. BUTTAR )
    Plaintiff, )
)
v ) COMPLAINT
)
MARK ALLEN NOVEMBER )
    Defendant. )
)
_____)

The Plaintiff complaining of the Defendant alleges and says as follows:

1. The Plaintiff is a citizen and resident of Mecklenburg County, North Carolina.

2. The Defendant Mark Allen November is a citizen and resident of the State of California.

3. The Defendant came to North Carolina on numerous occasions and lived in Boone NC for an extended period in 2009 and early 2010 in conjunction with his involvement with an inventor named Joe Holden.

4. In January 2010, Defendant convinced inventor Joe Holden, an 80 year old Vietnam and Korean war veteran in deteriorating health and debilitating pain, to temporarily move to California from North Carolina under false pretenses of the Defendant having extensive resources to commercialize the inventions that had been created by Joe Holden.

5. Defendant in actuality had no resources. Instead, Defendant began borrowing money from a 3rd party, with the promise to eventually roll all "loans" from the 3rd party into a new corporation and in addition, receive stock in the new corporation which would be used to commercialize Joe Holden's inventions. The 3rd party agreed that Defendant would receive a $5,000.00 per month loan and Joe Holden would get $2,500.00 per month loan which would be rolled into the company once formed.

6. Over the next 9 months, Defendant kept Joe Holden in his own house in deplorable conditions, sleeping on the floor, living out of a suitcase, separated from his wife and friends, and doing manual labor including the laundry of the entire family. Meanwhile, Defendant received the combined amount of $7,500.00 per month being lent, only dispersing funds to Joe Holden on one occasion in the amount of $2,100.00.

1

Case 3:10-cv-00668-MOC-DSC   Document 1-1   Filed 12/29/10   Page 3 of 13

7. In February 2010, while Joe Holden was in worsening health and taking narcotic pain medication, Defendant and Defendant's wife Norma Lynn November, had Joe Holden sign a contract assigning a substantial interest in all existing and future technologies to them. Joe Holden has no recollection of ever having signed such a contract.

8. On March 12, 2010, Defendant formed a corporation in California under the name of HoldenHydro Inc. and subsequently formed a second LLC to hold the technology called Holden Holdings, LLC.

9. The Defendant failed to notify all other parties with a new interest in the new corporation and the LLC, that he had illegally obtained Joe Holden's signature on a contract allegedly giving Defendant and his wife interest in past, present and future inventions and technologies of Joe Holden.

10. As time passed, Joe Holden's health continued to deteriorate, requiring visits to the hospital for pain control. Joe became more depressed and frustrated with his living situation and the false promises that had led him to California. In late July 2010, Joe Holden notified Defendant that he could not take it any longer and would be leaving. Defendant assured Joe Holden that things were about to change.

11. On August 14, 2010, after some preliminary conversations, Defendant, Joe Holden, Robert Plarr and Plaintiff had a conference call. During this recorded conference call, Defendant encouraged Plaintiff to invest in HoldenHydro Inc, under multiple false statements, including but not limited to the current distribution of shares in HoldenHydro Inc. at that time, the ultimate distribution of shares of HoldenHydro Inc., the amount owned by Joe Holden, the controlling interest of Holden Holdings LLC, the involvement of a foundation in Holden Holdings LLC and the method by which shareholders could earn additional shares in the future.

12. On August 14, 2010, during the same conversation, the Defendant specifically advised Plaintiff during this witnessed conference call that Holden Holdings, LLC was owned by Joe Holden and an unnamed foundation which owned all interests in all Holden technologies and all available patented rights.

13. On September 7, 2010, after a number of subsequent conversations and conference calls, Plaintiff met with Defendant, Joe Holden and other loan holders of HoldenHydro Inc. to assess the possibility of investing in HoldenHydro Inc.

14. Plaintiff, relying on the false information from the Defendant, decided to invest but with the following changes including: a.) funds from investment could only be used for items specifically for development of the technology, b.) a percent of the profits must go towards a charitable organization, c.) the investment funds would

2

be dispersed over a period of 3 payments and d.) that any amount of funds dispersed over $10,000.00 were to have Joe Holden's signature.

15. On October 14, 2010, a patent request was made for a provisional license. The patent request in the name of Joseph T. Holden, to the best of Plaintiff's knowledge, has not been assigned to any entity and is solely owned by Joe Holden.

16. On October 14, 2010, a notice was issued for a shareholders meeting to be conducted in California. A meeting was held among all stock holders and parties who held an interest in Holden Hydro, Inc. The Defendant and Plaintiff were both present at this meeting. All other parties with interest or shares were present with the exception of 2 parties being absent, both combined having less than 2% interest in the company. The meeting was open and was recorded.

17. During the meeting, a motion was made and a vote was taken with a unanimous decision to dissolve the corporation and the LLC. The resolution that passed determined that all loans and liabilities of HoldenHydro Inc. would be paid off. All interested parties (creditors and shareholders) agreed that the Articles of Dissolution would be filed for the corporation and the LLC as soon as possible.

18. Plaintiff's investment was the only money in the corporation account. Furthermore, all funds previously deposited into HoldenHydro Inc. were loans from share holders who had earned shares or from creditors who had loaned money to the corporation. Plaintiff agreed to have his investment funds in HoldenHydro, Inc. used to liquidate any and all liability of the company, including any and all accounts payable, tax liabilities and including the total repayment of any and all convertible promissory notes and associated approved interest for which HoldenHydro, Inc, was obligated.

19. HoldenHydro, Inc. and Holden Holdings LLC suspended all business operations and filed for dissolution on October 29, 2010 All liabilities, the majority of which were loans made by various stock holders to the corporation used to fund the Defendant over the previous 9 months, were paid of subsequently.

20. The Defendant failed to disclose any interest in any assets of the corporation, LLC or Joe Holden technologies, knowing full well that Joe Holden had requested that Plaintiff help him to restructure his company the way it had been originally promised to Joe Holden that the company would be structured.

21. On November 3, 2010, Defendant and wife notified Plaintiff that they had a signed agreement with Joe Holden claiming interest in all of Joe Holden's technologies and threatened Plaintiff with legal action if the Plaintiff formed a new corporation with Joe Holden.

3

22. Defendant's failure to disclose all information has directly resulted in the Plaintiff losing $260,000.00 which was used to dissolve the corporation.

23. In reliance upon the fact that Joe Holden was a sole owner of the technology and was the applicant of the provisional license, the Plaintiff invested the money.

24. On November 12, 2010, the Plaintiff was informed that the corporation and LLC had been officially dissolved in the State of California.

25. Unbeknown to the Plaintiff, which information was concealed by the Defendant, the Plaintiff has since been informed that the Defendant and his wife, claim to own a significant percentage of the technology which the Defendant told the Plaintiff, was owned by Joe Holden during the October 14, 2010 conference call, witnessed by Joe Holden himself and by Robert Plarr. It was the Plaintiff's intention to form a business with Joe Holden, to develop the technology, and pursue the patents.

26. The resolution to dissolve the corporation and LLC was signed by Joseph Neulight who was the chairman and CEO and a creditor of HoldenHydro, Inc. and the managing partner of Holden Holdings, LLC. The resolution was also signed by all attendees, other than defendant, including the two parties that were not present at the meeting.

27. Notwithstanding that the Defendant attended the open meeting and voted for the resolution to liquidate both the corporation and the LLC, the Defendant refused to sign the resolution. The Defendant's vote was witnessed by 8 other attendees, recorded in the minutes and recorded on audio tape.

28. The Plaintiff is informed and believes that the Defendant participated in meetings as a shareholder and officer. However, Defendant failed to disclose to the Plaintiff or any other members, creditors or shareholders of the dissolved corporation and LLC, any previous contract or interest in Joe Holden's technologies, which Defendant and his wife claim they allegedly own.

29. The Plaintiff believes that the representations of the Defendant have defrauded and caused the Plaintiff to make the investment. The Plaintiff in reliance, believed upon agreeing to the use of the $260,000.00, that the LLC and the corporation would be dissolved.

30. The Plaintiff firmly believes that the Defendant willfully, maliciously and with malice failed to reveal the contractual agreement that he and his wife allegedly had with Joe Holden.

31. That the acts of the defendant were deceptive, fraudulent and intended to mislead, and the Plaintiff is entitled to recover treble damages including but not limited to punitive damages.

4

32. The Plaintiff is informed and believes that if there is in fact a contract between the Defendant and Joe Holden, that the contract was procured fraudulently at a time when Joe Holden was not sufficiently able to consent to or enter into a contract agreement and was at the time, under the influence of prescribed narcotic medication that would render him incompetent.

33. The Defendant is indebted to the Plaintiff for $260,000.00 plus other damages.

WHEREFORE, the Plaintiff respectfully prays to the Court as follows:

(1) That the Plaintiff have and recover a judgment against the Defendant in an amount in excess of $10,000.00, plus interest;

(2) That the Plaintiff recover treble damages for the fraudulent, unfair and deceptive trade practice against the Plaintiff;

(3) That this case be tried before a jury on all issues so triable;

(4) For such other and further relief as to the Court seems just and proper;

(5) That the Plaintiff have and recover attorney fees from the Defendant.

This the 17 day of Nov, 2010.

_____
H. Edward Knox
Attorney for Plaintiff

FOR THE FIRM:
Knox, Brotherton, Knox & Godfrey
P.O. Box 30848
Charlotte, NC 28230
704-372-1360

5

STATE OF NORTH CAROLINA

VERIFICATION

COUNTY OF Mecklenburg

I, Rashid A. Buttar, being first duly sworn, deposes and says that he is the Plaintiff in the above-titled action; that he has read the foregoing document and knows the contents thereof; that the same are true of his own knowledge except for the matters therein stated upon information and belief, and as to those matters, he believes them to be true.

_____
Rashid A. Buttar

Subscribed to and sworn before
me this 17 day of November, 2010.

_____
Notary Public

My Commission Expires: 7-14-11

*[Notary Seal: DONNA WILLIAMS, NOTARY PUBLIC, MECKLENBURG COUNTY, N.C.]*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of December, 2010, I sent via United States Overnight Mail to **Clerk of United States District Court, the Western District of North Carolina – Charlotte Division , Room 212 , 401 W. Trade St., Charlotte, NC 28202**, copies of the following:

1. Notice Of Removal To Federal Court
2. Notice Of Filing Of Notice Of Removal
3. Notice Of Removal
4. Certificates of Service to Federal and State Courts
5. Civil Cover Sheet

12/27/2010
Date

Mark Allen November, Pro Se
Defendant

IN THE GENERAL COURT OF JUSTICE,
SUPERIOR COURT DIVISION,
STATE OF NORTH CAROLINA

| | |
|---|---|
| Rashid A. Buttar | )<br>) |
| Plaintiff, | )<br>)<br>) |
| vs. | ) CASE NO.: 10-CVS-23376<br>)<br>) |
| Mark Allen November | )<br>) |
| Defendant. | )<br>) |

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:  Clerk of Superior Court - Civil Division
832 East Fourth Street, Suite 3725
Charlotte NC 28202

Please take notice that pursuant to 28 U.S.C. § 1146, Defendant Mark Allen November did, on the 27th day of December, 2010, file a Notice of Removal in the United States District Court for the Western District of North Carolina, a copy of which is attached hereto, and that said matter shall proceed hereafter in the United States District Court for the Western District of North Carolina.

By: _____
Mark Allen November, Pro Se
Defendant

MARK ALLEN NOVEMBER
DEFENDANT
1478 HIDDEN RANCH DRIVE
SIMI VALLEY, CA 93063
(818) 470-8453

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of December, 2010, I sent via United States Overnight Mail to **Clerk of Superior Court – Civil Division, 832 East Fourth Street, Suite 3725, Charlotte, NC 28202**, copies of the following:

1. Notice Of Removal To Federal Court
2. Notice Of Filing Of Notice Of Removal
3. Notice Of Removal
4. Certificates of Service to Federal and State Courts

12/27/2010
Date

Mark Allen November, Pro Se
Defendant

IN THE GENERAL COURT OF JUSTICE,
SUPERIOR COURT DIVISION,
STATE OF NORTH CAROLINA

| | |
|---|---|
| Rashid A. Buttar | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO.: 10-CVS-23376 |
| Mark Allen November | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL TO FEDERAL COURT

TO PLAINTIFF RASHID A. BUTTAR AND HIS ATTORNEY OF RECORD:
EDWARD KNOX, P.O. BOX 30848, CHARLOTTE, NC, 28230.

PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the United States District Court for the Western District of North Carolina on December 27, 2010.

DATED: December 27, 2010

By: _____
Mark Allen November, Pro Se
Defendant

MARK ALLEN NOVEMBER
DEFENDANT
1478 HIDDEN RANCH DRIVE
SIMI VALLEY, CA 93063
(818) 470-8453

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27rd day of December, 2010, I sent via United States Overnight Mail to **Edward Knox,** attorney for the Plaintiff **Rashid A. Buttar**, at P.O. Box 30848, Charlotte, NC, 28230, copies of the following:

1. Notice Of Removal To Federal Court
2. Notice Of Filing Of Notice Of Removal
3. Notice Of Removal
4. Certificates of Service to Federal and State Court

12/27/2010
Date

Mark Allen November, Pro Se
Defendant